UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM B. MOSELEY, II,
         Plaintiff,

         v.                                                                     CIVIL ACTION NO. 15-13661-LTS

LUIS S. SPENCER, ET AL.,
         Defendants.

## MEMORANDUM AND ORDER

SOROKIN, U.S.D.J.

### BACKGROUND

On October 28, 2015, plaintiff William B. Moseley, II ("Moseley"), a prisoner serving a criminal sentence at the Souza-Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed a sprawling civil Complaint against the Commissioner of the Massachusetts Department of Correction ("DOC") and fourteen (14) SBCC officers or employees.[1]

The 65-page Complaint consists of 55 pages that chronicle Moseley's adverse daily and/or weekly prison experience at SBCC from October, 2014 to date, both as a pretrial detainee and thereafter as a convicted prisoner. In many instances, he outlines his breakfast, lunch, and dinner menus. He also outlines each corresponding informal complaint, grievance and appeal concerning these conditions of confinement. Boiling the case down to its essence, Moseley's claims stem from his request for a Kosher diet based on his religious beliefs along with his request for continuation of his evening snack as medically prescribed for his diabetes. He alleges that he was approved for a Kosher diet but then his evening snack was removed from his

---

[1]The defendants include: (1) DOC Commissioner Luis S. Spencer; (2) SBCC Superintendent Bruce Gelb; (3) SBCC Director of Treatment Lynn Cherneski; (4) SBCC Food Service Director Paul Visconti; (5) SBCC Kitchen Officer Mr. Butler; (6) SBCC Kitchen Officer Mr. Wong; (7) SBCC Kitchen Lieutenant Jose Mortinez; (8) SBBC Kitchen Lieutenant Mr. Williams; (9) SBCC Health Service Administrator Janet Roduguez; (10) SBCC Institutional Grievance Coordinator ("IGC") Sgt. Thomas M. Tocci; (11) SBCC Superintendent Vidal Osvaldo; (12) Correctional Officer Sgt. Brian M. Nano ("Nano"); (13) Correctional Officer Lieutenant Sue S. Stubbert; (14) SBCC IGC Kristen Olihuik; and (15) SBCC IGC Pamela M. O'Dell. Each defendant is sued in his/her official and individual capacity.

diet. After he filed administrative grievances regarding the failure to provide his evening snack, he was told that he must choose either a Kosher meal diet or a medical diet, but he could not have both. Additionally, Moseley contends that for three years in a row, he has not been provided with proper Kosher-for-Passover foods or accouterments (*e.g.*, sufficient Matzoh and grape juice, Sedar plate (with non-rancid egg and edible greens on it), and a Haggadah booklet) to celebrate Passover, despite his many requests for accommodation in advance of the holiday. Further, he claims he was told that he could not celebrate the second Sedar of Passover because this observance was not recognized.

Next, Moseley claims that as a result of his filing of grievances concerning his diet, he has been subject to retaliation, harassment, sexual harassment, discrimination based on his color and his religion, particularly by the kitchen workers, Sgt. Nano and Lt. Stubbert. He also alleges that all of the defendants engaged in a conspiracy to violate his civil rights.

Moseley asserts violations of his right to free exercise of religion under the First Amendment, the denial of due process and equal protection under the Fourteenth Amendment, and the right to be free from cruel and unusual punishment (including deliberate indifference to a serious medical need) under the Eighth Amendment. He lists his causes of action under 42 U.S.C. §§ 1983, 1985(2), 1986, Title II of the Americans with Disabilities Act, 42 U.S. § 12101 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* as well as various state law claims under Massachusetts law, including claims under the Massachusetts Tort Claims Act ("MTCA"), Mass. Gen. Laws ch. 258, § 2.[2]

As relief, Moseley seeks, *inter alia*, a declaratory judgment, preliminary and injunctive

---

[2]Based on his allegations, the Court presumes Moseley is asserting claims under 42 U.S.C. § 1985(3) and not § 1985(2). Section 1985(2) deals with obstructing justice to deter any party or witness from attending or testifying in a court proceeding. Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996), quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

relief, and compensatory and punitive damages.

Along with the Complaint, Moseley filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) and a Motion for Appointment of Counsel (Docket No. 2).

DISCUSSION

I.   The Motion for Leave to Proceed *In Forma Pauperis*

Moselely's financial affidavit indicates he has no income or assets. He also attaches a prison account statement form that <u>he</u> has signed indicating that he has $.10 in his canteen account and that he expects to receive $25.00-$30.00 every other month from his sister.

Moseley's application to proceed *in forma pauperis* is defective because he failed to provide a <u>certified</u> prison account statement <u>from the appropriate official</u>. Where a plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[3]

Accordingly, Moseley's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u> without prejudice. If Moseley elects to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must: (1) pay the $400.00 filing and administrative fees[4]; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by his <u>certified</u> prison account statement. Failure to comply with this directive may result in a dismissal of this action without prejudice.

---

[3]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the prisoner's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. <u>See</u> 28 U.S.C. § 1915(b)(1)-(2).

[4]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. <u>See</u> Judicial Conference Fee Schedule.

The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs. The Clerk shall also send a copy of this Memorandum and Order to the Treasurer's Office at SBCC in order to facilitate any request by Moseley for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement Moseley's average monthly deposits for the six-month period preceding the date the Complaint was filed, as well as the average monthly balance for that same period.

II.     Screening of the Complaint

Because Moseley is a prisoner, his Complaint is subject to preliminary screening at this time under 28 U.S.C. § 1915A (authorizing the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief).

While this Court considers that, for purposes of preliminary screening, Moseley has stated some plausible claims against certain of the defendants, many of his claims (and his requests for monetary relief) are subject to dismissal, for the reasons set forth below.

III.    Failure to Comply With Fed. R. Civ. P. 8

Moseley's Complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957));  see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See

also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Here, Moseley combines all of his causes of action against all of the defendants. Thus, it is unclear which of his causes of action are asserted against each defendant. For instance, Moseley alleges retaliation and harassment, but he has not set forth sufficient underlying facts to support those causes of action against the supervisory officials. In addition, Moseley fails to set forth sufficient facts to support his claims that all of the defendants conspired together to deprive him of his rights.

As the United States Supreme Court has stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555). See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted). While Moseley has alleged underlying facts (oral statements and actions) setting forth his claim for joint participation in the retaliation and/or harassment by certain defendants (*e.g.*, Nano and Stubbert), he fails to state plausible claims of conspiracy by all the defendants. At best, the conspiracy allegations are bald, threadbare, and speculative conclusions of conspiracy. See Peñalbert–Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'") quoting Twombly, 550 U.S. at 557 n.5. In order to state a conspiracy claim, Moseley must allege specific facts that suggest a conspiracy or agreement; conclusory statements that the defendants conspired are insufficient to meet the pleading standard. See Hudson v. MacEachern, No. 13-12395-LTS, 2015 WL 1442547, at *6 (D. Mass. Mar. 31, 2015).

In addition to the lack of underlying factual support for many of his claims, Moseley has failed to comply with Rule 8 because he has collectively asserted his claims against the defendants.  See Bagheri v. Galligan, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (unpublished decision finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy notice pleading standards.").  See also Atuahene v. City of Hartford, 10 Fed. Appx. 33, *34, 2001 WL 604902, *1 (2d Cir. 2001) (unpublished decision, stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard....").

Thus, as pled, it would be immensely unfair to each of the defendants to have to peruse the voluminous Complaint in its current form in order to try and cull out what alleged actions or inactions were meant simply to provide background information and what alleged actions or inactions are meant to form the basis for the conspiracy claim or for the other asserted violations of law.  In light of this, even though Moseley has stated some plausible claims, this case cannot proceed unless he amends his Complaint to comply with Rule 8.  The Court will afford Moseley an opportunity to do so, as set forth below.

IV.  Sovereign Immunity Bars Damages Claims Against Defendants Sued in Their Official Capacity

To the extent that Moseley seeks monetary damages against any defendant in his or her "official capacity," such claims are subject to dismissal.  The Eleventh Amendment bars suits against an unconsenting state brought by its own citizens as well as by citizens of another state. Pennhurst State Sch.& Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  See Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978)).  The Eleventh Amendment also extends to confer immunity from suit upon state officials when "the state is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . . " Pennhurst State Sch. &

Hosp., 465 U.S. at 101-102, n. 11; see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office).

Here, there is no basis to assume that a waiver of sovereign immunity exists.

V.      Money Damages Are Not Recoverable Under RLUIPA

"RLUIPA provides greater protection to inmates' free-exercise rights than does the First Amendment."  Kuperman v. Wrenn,  645 F.3d 69, 79 (1 Cir. 2011); see generally LeBaron v. Spencer, et al., 527 Fed. Appx. 25 (1st Cir. 2013) (unpublished opinion discussing RLUIPA in prisoner challenge regarding Kosher diet, and claims of religious discrimination, conspiracy and retaliation).  Nevertheless, the appropriate relief in RLUIPA actions is limited to injunctive or declaratory relief to enforce the statute.  Sossamon v. Texas, 563 U.S. 277, 287 (2011).  The Supreme Court has held that, "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."  Id. at 293.  Thus, Moseley cannot recover monetary damages for RLUIPA violations by the defendants.

VI.     Failure to State a Plausible Claim Under the MTCA

The MTCA permits recovery for liability against public employers, including the Commonwealth of Massachusetts and serves as a waiver of sovereign immunity under certain circumstances.  See Mass. Gen. Laws ch. 258, § 2.   Before filing suit, a party must first have presented the claim to the executive officer of the public employer and received a final decision on the claim.  Mass. Gen. Laws ch. 258, § 4.

Here, Moseley has alleged that he has made the proper administrative presentment and his claim has been denied.  Nevertheless, he fails to state a plausible MTCA claim because none the named defendants is liable under the MTCA.  The liability for negligent or wrongful acts or omissions of any public employee attaches to the public employer, and not the employees.  See Mass. Gen. Laws ch. 258, § 2 (providing, in relevant part, that "no such public employee or the

estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment").

VII. Failure to State Plausible Claim Based on Denial of Grievances and Appeals

It appears that most of Moseley's claims against the IGC and supervisory defendants arise out of the denial of his grievances. To the extent that he complains that certain defendants failed to answer his grievances or denied his grievances and his appeals, he fails to state plausible civil rights claims because has not demonstrated that he had a constitutionally protected interest in the grievance procedures. See Piper v. Alford, 2003 WL 21350215, at *2 (N. D. Tex.2003) (holding that a jail inmate "does not have a constitutional entitlement to an adequate grievance procedure" and the ineffectiveness or even absence of a grievance procedure does not give rise to a constitutional claim); see also Leavitt v. Allen, 46 F.3d 1114 (1st Cir. 1995) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); accord Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citations omitted); Sandin v. Conner, 515 U.S. 472 (1995).

To the extent that Moseley's claims are based on a failure to intervene theory of liability rather than simply on the denial of grievances or appeals, he has not pled those claims sufficiently in accordance with Rule 8.

VIII. Order to File an Amended Complaint

In light of all of the above, this action will be dismissed within 42 days of the date of this Memorandum and Order unless Moseley files an Amended Complaint curing the pleading deficiencies and setting forth plausible claims in accordance with Fed. R. Civ. P. 8 (expressly setting forth the name of each defendant, the separate cause of action asserted against each

8

defendant, along with a concise statement of the factual basis supporting each cause of action). Moseley should not collectively assert his causes of action against all of the defendants. With respect to any conspiracy claims, Moseley should identify the alleged conspirators, the conspiratorial purpose, the over act(s) in furtherance of the conspiracy and identify the injury to him. See LeBaron, 527 Fed. Appx. at 33. Further, in preparing his Amended Complaint, he should be mindful of the other legal impediments discussed in this Memorandum and Order.

Failure to comply with any of the directives contained in this Memorandum and Order may result in a dismissal of this action. No summonses shall issue pending further Order of the Court.

Finally, while the Court does not require submission of the Amended Complaint in a chart form, Moseley may use the following format as a template.

| Name of Defendant | Legal Cause of Action | Date and Place Violation Occurred | Brief Statement of Factual Support |
|---|---|---|---|
| ex: Defendant 1 | RLUIPA | mo/day/year; SBCC | state facts how RLUIPA was violated by Defendant 1 |
| ex: Defendant 2 | retaliation | mo/day/year; SBCC | state the facts supporting retaliation by Defendant 2 |
| ex: Defendant 3 | 42 U.S.C. § 1983; Equal Protection | mo/day/year; SBCC | state the facts supporting an equal protection claim against Defendant 3 |
| ex: Defendant 4 | 42 U.S.C. § 1983; Deliberate Indifference to a Serious Medical Need | mo/day/year; SBCC | state the facts supporting a deliberate indifference claim against Defendant 4 |
| ex: Defendant 5 and Defendant 6 | Conspiracy (state whether claim is under § 1983 or § 1985(3) | mo/day/year; SBCC | state the facts supporting a conspiracy between Defendants 5 and 6 |

IX.     The Motion For Appointment of Counsel

In his Motion for Appointment of Counsel, Moseley seeks counsel because he is an indigent prisoner and has limited legal knowledge or law library access. He contends this case involves complex issues and will involve conflicting testimony, and counsel is in a better position to present evidence and conduct cross examination. Additionally, Moseley has made efforts to obtain a lawyer but has not been successful.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff, however, does not have a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

At this juncture, this Court cannot find that exceptional circumstances exist that would warrant appointment of *pro bono* counsel in this case. First, Moseley appears proficient in the English language and has demonstrated some knowledge of law and legal procedures. Second, although his Complaint names numerous defendants, the legal issues he raises are not novel. Third, his lack of funds and legal skills is not unique in prisoner litigation. Fourth and finally, as noted above, many of his claims are subject to dismissal. Thus, the Court cannot find that it would be fundamentally unfair to Moseley should counsel not be appointed.

For these reasons, Moseley's Motion for Appointment of Counsel (Docket No. 2) is DENIED. If this case is permitted to proceed, Moseley may renew a request for appointment of counsel after the defendants have filed a responsive pleading, and upon good cause shown in light of the response.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u> without prejudice.

2. Within 21 days of the date of this Memorandum and Order, plaintiff either must: (1) pay the $400.00 filing and administrative fees; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by his <u>certified</u> prison account statement.

3. Within 42 days of the date of this Memorandum and Order, plaintiff shall file an Amended Complaint curing the pleading deficiencies in accordance with Rule 8.

4. Plaintiff's Motion for Appointment of Counsel (Docket No. 2) is <u>DENIED</u>.

5. No summonses shall issue pending further Order of the Court.

SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE

DATED: January 27, 2016