UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM B. MOSELEY, II,
    Plaintiff,

  v.                 CIVIL ACTION NO. 15-13661-LTS

LUIS S. SPENCER, ET AL.,
    Defendants.

MEMORANDUM AND ORDER

SOROKIN, U.S.D.J.

BACKGROUND

On January 22, 2016, this Court issued a Memorandum and Order (Docket No. 6) denying plaintiff's Motion to Appoint Counsel and his Motion for Leave to Proceed *in forma pauperis* and directing him to pay the filing and administrative fees of the Court, or file a renewed Motion for Leave to Proceed *in forma pauperis* along with his certified prison account statement from the Souza-Baranowski Correctional Center ("SBCC"), within 21 days. Additionally, plaintiff was directed to file, within 42 days, an Amended Complaint curing the pleading deficiencies noted in the Memorandum and Order, by setting forth plausible claims upon which relief may be granted in accordance with Rule 8 of the Federal Rules of Civil Procedure.

On February 22, 2016, plaintiff filed a renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 7) along with his prison account statement.  He did not, however, file an Amended Complaint within the 42-day time period required by this Court.

DISCUSSION

I.  The Renewed Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff's financial affidavit indicates he has no income or assets.  His prison account statement indicates that he lacks sufficient funds to pay the filing and administrative fees of the Court.  Nevertheless, because he is a prisoner, he is obligated to pay the filing fee in installments pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (the *in forma pauperis*

statute).

Accordingly, plaintiff's renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 2 ) is <u>ALLOWED</u>, and he is Ordered to pay the filing fee as follows.

- A. Plaintiff is assessed an initial partial filing fee of <u>$5.00</u>, pursuant to 28 U.S.C. § 1915(b)(1)(A);[1] and

- B. The remainder of the fee <u>$345.00</u> is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

The Clerk shall send the Treasurer's Office at SBCC a copy of this Memorandum and Order to facilitate payments to this Court.

II. <u>Dismissal of Civil Action</u>

As noted above, plaintiff failed to file an Amended Complaint curing the pleading deficiencies in the original Complaint and the time period for doing so has expired. Accordingly, for the failure to comply with this Court's directive <u>and</u> for the substantive reasons set forth in the prior Memorandum and Order (Docket No. 6), this action is hereby <u>DISMISSED</u> in its entirety.

Notwithstanding the dismissal of this action, plaintiff remains obligated to pay the filing fee as assessed in this Memorandum and Order. See <u>Purkey v. Green</u>, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.").[2]

---

[1]The initial partial assessment represents 20% of the average monthly deposits in plaintiff's prison account as reflected in his prison account statement. This calculation was manually prepared based on the prison account statement submitted and is made without prejudice to plaintiff seeking reconsideration based on certified account information in accordance with the formula set forth in 28 U.S.C. § 1915(b). Further, the initial partial assessment is made regardless of whether or not plaintiff currently has sufficient funds in his prison account to pay. The *in forma pauperis* statute requires the initial partial filing fee be assessed, but collection to occur "when funds exist." 28 U.S.C. § 1915(b)(1).

[2]Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid "up-front," or whether the fee may be paid in installments through the inmate's prison account. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997). A prisoner may not "test the waters" regarding the merits of any case without the adverse

CONCLUSION

        Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 7) is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. This action is DISMISSED in its entirety.[3]


SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      LEO T. SOROKIN
                                      UNITED STATES DISTRICT JUDGE

DATED: March 21, 2016

---

financial consequences associated with the filing fee. Here, plaintiff has engaged the resources of the court by filing the case which required an extensive review and the preparation of this Memorandum and Order and the prior Memorandum and Order to show cause. A filing fee -- which represents only a modest portion of the court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.

[3] For purposes of the three-strikes rule of 28 U.S.C. 1915(g), this Court intends this Memorandum and Order to constitute a dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.